# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JUSTICE COLE JOHNSON**                                               **PLAINTIFF**
**#663210**

v.                         No: 4:20-cv-00059 BSM-PSH

**MARK GOBER,** *et al.*                                      **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Justice Cole Johnson filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on January 15, 2020, while incarcerated at the Drew County Detention Center (Doc. No. 2).[1] Johnson was ordered to file an amended complaint describing how

---

[1] Johnson is currently at the Central Arkansas Community Correction Center. *See* Doc. No. 7.

each defendant violated his constitutional rights and how he was injured by each defendant's actions. *See* Doc. No. 3. Johnson was also instructed to describe only one factually related incident or issue in his amended complaint. Johnson filed an amended complaint (Doc. No. 6), but did not sufficiently narrow or describe his claims. *See* Doc. No. 8. He was therefore ordered to amend his complaint again, and has now filed a second amended complaint (Doc. No. 9). For the reasons described below, the undersigned finds that Johnson fails to describe facts sufficient to state a claim for relief and recommends dismissal of his claims.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se*

complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. It appears that Johnson is asserting an Eighth Amendment claim based on the temperatures in his cell.

Johnson alleges that he was subjected to cruel and unusual conditions of confinement at the Drew County Detention Center from November 4, 2019, until February 14, 2020. He states that the heat and air unit was not working and a window was broken, allowing cold air to come in. Johnson alleges that he was given an extra blanket, but the defendants did not fix the heat and air unit or the broken window. Johnson alleges that he became ill for several weeks at a time as a result, but he does not describe how he was ill or provide any additional details regarding his medical condition.

To support an Eighth Amendment violation, a plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). The "defendant's

conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the 'minimal civilized measure of life's necessities.' . . . The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981) and *Estelle v. Gamble*, 429 U.S. 97, 104 (1977)). "[D]iscomfort compelled by conditions of confinement, without more, does not violate the amendment." *Smith v. Coughlin*, 748 F.2d 783, 787 (2nd Cir. 1984) (quoting *Jackson v. Meachum*, 699 F.2d 578, 581 (1st Cir. 1983)).

The Eighth Amendment guarantees prisoners the right to adequate shelter and protection from *extreme* cold, and courts examine allegations of the severity of the cold and the length of time a prisoner is exposed to it. *Dixon v. Godinez,* 114 F.3d 640, 642 (7th Cir. 1997). *See e.g.*, *Corselli v. Coughlin*, 842 F.2d 23, 27 (2d Cir. 1988) (plaintiff alleged he was exposed to cold temperatures for approximately three months and it was so cold that ice was forming in his toilet); *Dixon v. Godinez*, 114 F.3d at 644 (plaintiff testified "that ice persistently formed on the walls of the cells suggest[ed] that temperatures in the cell block were literally freezing, during the day as well as at night, and that this condition continued unchanged for several winters"); *Bennett v. Chitwood*, 519 Fed. Appx. 569, 574 (11th Cir. 2013) (no objectively serious deprivation was demonstrated where the "case [was] not one in which ice

formed inside the cell"); *Diggs v. Godinez*, 1997 WL 308847, at *6 (N.D. Ill. June 3, 1997) (plaintiff asserted "that ice often formed on the inside of [the plaintiff's] own cell, and that [the plaintiff] lacked extra blankets or a space heater" for one year); *Dillingham v. Schofield*, 2011 WL 3664470, at *8 (E.D. Tenn. Aug. 19, 2011) (plaintiff alleged that the temperature outdoors was below zero and that ice formed in the cell for a period of three days, which caused the skin on the plaintiff's fingers to crack and bleed).

Johnson's allegation that he was forced to endure cold temperatures does not equate a constitutional violation. He does not describe what the temperatures were, or that he was exposed to extreme cold or below freezing temperatures over a lengthy period of time. In sum, Johnson alleges he was uncomfortable but he does not allege that he was denied life's necessities such as food, shelter, and water. Accordingly, he does not state a claim under the Eighth Amendment based on the cold temperatures in his cell.

Additionally, although he alleges he became sick and did not receive medical treatment, he does not describe his medical condition, what treatment he needed, his requests for medical treatment, or how either defendant was involved in denying him medical treatment.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Johnson's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 17th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE